UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ahmed M., | File No. 25-cv-4711 (ECT/SGE) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and Joel Brott, *Sherburne County Sheriff*, | |
| Respondents. | |

---

Cameron Lane Youngs Giebink and David L. Wilson, Wilson Law Group, Minneapolis, MN, for Petitioner Ahmed M.

Ana H. Voss and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Daren K. Margolin, Executive Office for Immigration Review, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, and David Easterwood.

---

Petitioner Ahmed M. seeks a writ of habeas corpus. *See* Pet. [ECF No. 1]. Ahmed has lived in the United States without lawful authority since February 27, 2024. *Id.* ¶ 30. On December 1, 2025, Respondents—or, more precisely, officers acting under the federal Respondents' direction—detained Ahmed. *Id.* ¶ 39.

According to Respondents, 8 U.S.C. § 1225(b)(2) governs Ahmed's detention, making his continued detention mandatory. According to Ahmed, 8 U.S.C. § 1226(a) governs his detention, leaving Respondents discretion to detain him (or not). The primary issue is which of these two provisions governs Ahmed's detention. Every judge in this District to have addressed this question (including me) has decided that § 1226(a)'s discretionary regime applies in cases like this, where the Petitioner has been in the country for some time and where his detention did not occur in connection with an attempt or request to enter the United States. There are reasons to question this conclusion. The statutory-interpretation issue is difficult and close, and a growing minority of federal district courts have reasonably reached the opposite conclusion. *See, e.g.*, *Coronado v. Sec'y, Dep't of Homeland Sec.*, No. 1:25-cv-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025); *Chen v. Almodovar*, No. 1:25-cv-8350-MKV, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025); *Altamirano Ramos v. Lyons*, --- F. Supp. 3d ---, No. 2:25-cv-09785-SVW-AJR, 2025 WL 3199872 (C.D. Cal. Nov. 12, 2025); *Mejia Olalde v. Noem*, No. 1:25-cv-00168-JMD, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025). The Eighth Circuit is expected to decide the question relatively soon. *See Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (Nov. 10, 2025). At least in the meantime, I conclude the better answer is to adhere to my prior decision and grant Ahmed's Petition.

The material background facts are not disputed. Petitioner Ahmed M. is a citizen of Somalia. ECF No. 1 ¶¶ 13, 29. He has lived in the United States without authorization since February 27, 2024; on that date, he entered the country without inspection near

2

Tecate, California.  ECF No. 1 ¶ 30; ECF No. 1-4 at 1.  Later that same day, Border Patrol agents encountered Ahmed, determined he had unlawfully entered the United States, and arrested him.  ECF No. 6-1 at 2.  Agents served Ahmed with a Notice to Appear for removal proceedings before an immigration judge in Minnesota on March 27, 2025, ECF No. 1-4, and "then released him from custody under an Order of Release on Recognizance '[i]n accordance with section 236 [o]f the Immigration and Nationality Act,'" codified at 8 U.S.C. § 1226.  ECF No. 1 ¶ 31; ECF No. 1-3.  Following his release, Ahmed complied with his conditions of supervision, ECF No. 1 ¶ 34, and on July 18, 2024, he applied for asylum, *id.* ¶ 35; ECF No. 1-6.  Ahmed's asylum application remains pending.  ECF No. 1 ¶ 35.  "On December 1, 2025, Respondents took [Ahmed] into custody after executing a traffic stop on a vehicle in which [Ahmed] was riding," in Minneapolis.  *Id.* ¶ 39; ECF No. 6-3 at 2.  He was eventually detained in the Sherburne County Jail in Elk River, Minnesota.  ECF No. 1 ¶ 39; ECF No. 6 ¶ 7.  On December 16, 2025, Ahmed requested a bond hearing.  *Id.* ¶ 40.  The immigration judge determined she lacked "authority to release [Ahmed] under INA Section 235(b)(2)," codified at 8 U.S.C. § 1225(b)(1), and denied the request.  Pet. ¶ 40; ECF No. 1-5.

Ahmed challenges his detention under 28 U.S.C. § 2241.  ECF No. 1 ¶¶ 8, 10.  He claims he has been wrongly classified as a § 1225(b)(2) detainee rather than a § 1226 detainee.  ECF No. 1 ¶¶ 2, 24, 68, 70; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  Ahmed claims his detention violates § 1225(b)(2), § 1226(a), the Fifth Amendment right to due process, and 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.  Pet. ¶¶ 76–88, 94–102.  He seeks various declarations, including

declarations that he is not subject to detention under 8 U.S.C. § 1225(b)(2) and that he must be released unless Respondents assert authority to detain him under 8 U.S.C. § 1226(a). *See* ECF No. 1 ¶¶ 90–93; *see also id.* at 26 ¶¶ 5–8. Ahmed seeks an order requiring his immediate release, or alternatively, an order requiring Respondents to hold a § 1226(a) bond hearing within three days. *Id.* at 26 ¶ 5. Ahmed also seeks interim orders that would restrain Respondents from attempting to move him from the District of Minnesota while his Petition is pending, require Respondents to provide 72-hour notice of their intent to move Ahmed, and expedite consideration of the Petition pursuant to 28 U.S.C. § 1657. *Id.* at 25–26 ¶¶ 2–4. He also seeks an award of attorneys' fees and costs and "all further relief this Court deems just and proper." *Id.* at 26 ¶¶ 9–10.

Ahmed has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see, e.g.*, *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *5–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729 at *2–4 (D. Minn. Oct. 8, 2025); *Avila*, 2025 WL 2976539, at *5–7; *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *Adonay E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the

question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, No. 25-3050, 2025 WL 3552514, at *8–10 (7th Cir. Dec. 11, 2025). Here, Ahmed's detention did not occur in connection with an attempt or request to enter the United States in the relevant sense. Ahmed asserts he "has no criminal history that subjects him to mandatory custody under 8 U.S.C. § 1226(c)," ECF No. 1 ¶ 38; *see also* ECF No. 6-3 at 3, and Respondents do not argue otherwise, *see* ECF No. 5.

Respondents argue that the Ninth Circuit's *en banc* decision in *Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020), is strong persuasive authority supporting a contrary interpretation. ECF No. 5 at 22 n.9. I do not agree. *Torres* did not decide the § 1225(b)(2)-versus-§ 1226 issue. *Torres* parsed the phrase "at the time of application for admission" as it is used in 8 U.S.C. § 1182(a)(7). 976 F.3d at 924. The case did not address detention or bond hearings during removal proceedings. *See id.* In other words, to the extent *Torres* discussed § 1225, it omitted consideration of § 1226. *See id.*; *see also Giron Reyes v. Lyons*, --- F. Supp. 3d ---, No. C25-4048-LTS-MAR, 2025 WL 2712427, at *4–5 (N.D. Iowa Sept. 23, 2025) (demonstrating the importance of reading § 1225 alongside § 1226). And I am persuaded that adopting *Torres*'s interpretation would "run[] afoul of *Jennings*'s reasoning." *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *8 (D. Ariz. Oct. 3, 2025), *appeal filed* (Dec. 2, 2025). Unlike *Torres*, *Jennings* addressed § 1226, and it "specifically addressed the question of detention and bond hearings during removal proceedings." *Id.*

It seems important to point out what Respondents do not argue. Respondents do not argue that Ahmed is subject to § 1225 because he encountered a border patrol agent soon

5

after he entered the country on February 27, 2024. *See* ECF No. 5. This contention's absence makes sense. The Order of Release on Recognizance was issued "[i]n accordance with [§ 1226]." ECF No. 1-3. Thus, Respondents exercised authority pursuant to § 1226 with respect to Ahmed when he first encountered border security in 2024. *See J.U. v. Maldonado*, --- F. Supp. 3d ---, No. 25-CV-04836 (OEM), 2025 WL 2772765, at *6 (E.D.N.Y. Sept. 29, 2025) ("[R]elease on recognizance constitutes a form of conditional parole from detention housed in the provisions of § 1226's discretionary detention." (citing *Cruz-Miguel v. Holder*, 650 F.3d 189, 191, 198 (2d Cir. 2011)); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) ("Release on recognizance is . . . a form of 'conditional parole' from detention upon a charge of removability, authorized under section 1226.") (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007)); *see also* 8 U.S.C. § 1226(a)(2)(B) (providing "the Attorney General . . . may release the alien on . . . conditional parole"). Nor do Respondents argue that Ahmed is subject to § 1225 due to his pending asylum application. ECF No. 5. Again, this argument's absence makes sense considering several courts have determined that asylum applications filed in like circumstances do not change the outcome. *See, e.g.*, *Mayamu K. v. Bondi*, No. 25-cv-3035 (JWB/LIB), 2025 WL 3641819, at *4 (D. Minn. Oct. 20, 2025) ("That Petitioner is in asylum proceedings does not alter this analysis." (first citing *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1152 (D. Minn. 2025); and then citing *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *7 (E.D. Va. Sept. 30, 2025)); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 n.7 (S.D.N.Y. 2025) ("To the extent that Respondents might point to [petitioner's] asylum application to argue that he continues to 'seek'

6

something, what he seeks is not 'admission' or 'lawful entry' to the United States, but to obtain a lawful means to *remain* here." (emphasis in original)).

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Ahmed requested in his Petition that Respondents produce any warrant that might have authorized Ahmed's arrest pursuant to § 1226. Respondents have not produced any warrant, nor have they advanced any argument that Ahmed's release is an unwarranted remedy. *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus, *Vedat C. v. Bondi*, No.

7

25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (reaching same conclusion); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (same); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Ahmed M.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, subject to the conditions of his February 27, 2024 Order of Release on Recognizance.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 5, 2026
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court